# Smith *against* Collins.

A person cannot acquire title to land, north and west of the Ohio and Alleghany rivers and Canawango creék, for which a warrant had previously issued, under the act of the 3d of April 1792, by actual settlement, without first procuring a vacating warrant.

A prevention patent, of 1808, founded on a warrant under the act of 1793, is a sufficient title, upon which to recover in ejectment against one who entered as an actual settler, without a vacating warrant.

ERROR to the common pleas of *Beaver* county.

Sarah Collins against Robert Smith.

This ejectment was instituted to recover the possession of three hundred and thirteen acres and one perch of land. The plaintiff gave in evidence, a patent granted by the Commonwealth to Stephen Lowrey, dated the 24th of June 1808, and it was admitted that Stephen Lowrey, by his last will and testament divided this tract of land, amongst others, to the plaintiff. The land described in the patent is the same on which the defendant resides.

The defendant claimed title by an improvement and settlement commenced on the 8th of March 1833, and proved by the testimony of several witnesses, that on the 8th of March 1833, he commenced cutting logs, and on the 15th of the same month, raised a cabin, and moved into it the last of March or the first of April; that he had a bed and some cooking utensils in it, about two weeks after he raised the cabin, commenced clearing land, raised some corn, potatoes, and buckwheat, in the summer of 1833. Sowed some wheat in the fall; has cleared about seven acres, and planted some fruit trees.

The court below, (Bredin, President,) instructed the jury to find for the plaintiff.

v.—3 o

[Smith v. Collins.]

*Lowrie* and *Ayres,* for plaintiff in error.
*M'Clure* and *Fetterman,* for defendant in error.

PER CURIAM.—The principles of this case have been settled in Barnes *v.* Irvine, at the present term. The only imaginable difference between the two cases is, that the plaintiff here founds her title on a prevention patent, which gives no more title than was conferred by the warrant. But had she not her warrant also? Granting that it was not given in evidence, and we have the facts but from the charge, the recitals on the patent were competent evidence of it against the commonwealth, or one claiming title from her subsequently. The supposed error, therefore, was immaterial.

Judgment affirmed.